UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-CV-4717(JMR/RLE)

Beverly Hinnenkamp              )
                                )
        v.                      )        ORDER
                                )
The City of St. Cloud,          )
St. Cloud Police Dept. et al.   )


This matter is before the Court on defendants' motion for

summary judgment.  Plaintiff's pro se opposition brief was filed

two days prior to the hearing.  As there are no triable fact issues

remaining, defendants' motion is granted.

I.  Background

On May 31, 2000, Officers Ryan Manguson and Mike Koeniguer

responded to an unwanted person call at 314 Ninth Avenue North, St.

Cloud, Minnesota.  Upon their arrival, the Officers found plaintiff

outside the residence of Sue Hinnenkamp, her former sister-in-law.

Officer Manguson spoke with plaintiff, while Officer Koeniguer and

Officer David Douvier[1] spoke with other witnesses on the scene.

Sue Hinnenkamp said plaintiff was trespassing on her property and

engaging in disorderly behavior.

The Officers arrested plaintiff for disorderly conduct and

trespassing based on Sue Hinnenkamp's statements and their own

observations.  At the time of the arrest, plaintiff attempted to

flee by pulling away from the Officers and putting her arms in the

air.  Plaintiff explained her actions, saying "[t]he reason I

_____

[1]The time of Officer Douvier's arrival is not clear.

fought is I had every single piece of court evidence in my truck and nobody told me to secure it in my (indiscernible)." (Ex. D, Transcript of squad car conversation between Officer Douvier and Beverly Hinnenkamp.)

When plaintiff began to run, Officer Douvier grabbed her right arm and Officer Manguson grabbed her left arm. She continued to struggle and was taken to the ground, striking her face. She was placed in handcuffs. Plaintiff suffered abrasions on her nose, lip, and forehead. Office Manguson suffered abrasions on his left arm.

On April 3, 2001, plaintiff was tried in Stearns County District Court on charges of trespass, disorderly conduct, and burglary. During the trial, Sue Hinnenkamp testified about plaintiff's actions, stating:

> She started to fight. She tried to run. She wasn't going to her car or anything - - that was in the backyard to the east - - she was hitting [the officers] and running to the west towards Ninth Avenue.

(Ex. H, excerpted trial transcript at p. 46.) Plaintiff was convicted of one count of disorderly conduct, and two counts of trespass.

Plaintiff claims her arrest violated the Constitution of the United States. She further claims she is entitled to recover for the injuries she sustained.

II.   Claims

Plaintiff claims she was illegally arrested, and the Police Officers used excessive force in violation of her rights under the United States Constitution.  She claims the City of St. Cloud and the St. Cloud Police Department were negligent in failing to properly train the Officers.  She further claims the Officers violated her First Amendment right to free speech, and her Eighth Amendment right to be free from cruel and unusual punishment.

Although the Officers are not named parties in the complaint, plaintiff's opposition brief identifies them as defendants.  A pro se litigant's pleadings are liberally construed.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Accordingly, the Court considers plaintiff's claims against the Officers along with those against the City of St. Cloud and the St. Cloud Police Department.

III.   Analysis

Summary judgment is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial.  See Liberty Lobby, 477 U.S. at 248-49; see also Hartnagel v. Norman, 953 F.2d 394, 395-96 (8th Cir. 1992).  "[T]he mere

existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Liberty Lobby, 477 U.S. at 247-48. If the opposing party fails to carry that burden, or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. See Celotex, 477 U.S. at 322.

"In order to survive a motion for summary judgment under § 1983, the plaintiff must raise a genuine issue of material fact as to whether (1) the defendants acted under color of state law, and (2) the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." Kuha v. City of Minnetonka, 365 F.3d 590, 596 (8th Cir. 2003) (amending and substituting opinion filed May 8, 2003) (quoting Cooksey v. Boyer, 289 F.3d 513, 515 (8th Cir. 2002)).

A.   Qualified Immunity

The doctrine of qualified immunity shields police officers from suit for official acts as long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Whether qualified immunity exists is a question of law that a court should decide "at the earliest possible stage of litigation." Gorra v. Hanson, 880 F.2d 95, 97

4

(8th Cir. 1989).  A court must first decide whether "the facts alleged show the officer's conduct violated a constitutional right." Saucier v. Katz, 533 U.S. 194, 201 (2001).  If there is a violation, the court next considers whether the conduct was objectively unreasonable according to clearly established law. Id. Summary judgment is only available if both conditions are met.

Here, the Court finds plaintiff has failed to establish a constitutional violation.  Accordingly, the Court need not consider the objective reasonableness of the Officers' actions.

B.  Illegal Arrest

The right to be free from arrest without probable cause is clearly established under the Fourth Amendment. See, e.g., Hill v. Scott, 349 F.3d 1068, 1072 (8th Cir. 2003).  A police officer's decision to arrest is objectively reasonable, however, if he had "arguable probable cause." See id. (quoting Floyd v. Farrell, 765 F.2d 1, 5 (1st Cir. 1985)).  This means police officers are immune from suit unless they "knowingly violated the law" or were "plainly incompetent." Id. (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

The existence of probable cause turns on whether "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has

committed, is committing, or is about to commit an offense."
<u>Michigan v. DeFillippo</u>, 443 U.S. 31, 37 (1979).

The Court finds the facts and circumstances within the Officers' knowledge warranted plaintiff's arrest. The Officers were at the scene, and spoke with witnesses who said plaintiff was trespassing and behaving in a disorderly manner. When confronted by the Officers, plaintiff began to fight and flee. These facts gave the Officers probable cause to place plaintiff under arrest. In light of these facts, plaintiff offers no evidence showing the Officers' actions were objectively unreasonable. Summary judgment is thereby appropriate on this claim.

C.   <u>Excessive Force</u>

Freedom from excessive force during arrest is clearly established under the Fourth Amendment. <u>Saucier</u>, 533 U.S. at 201-02. But the power to arrest "necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." <u>Graham v. Connor</u>, 490 U.S. 386, 396 (1989). As a result, in considering an excessive force claim, a court must balance the intrusion upon the individual against the countervailing governmental interests. <u>Id.</u>

To maintain an excessive force claim, a plaintiff must present "enough proof in support of his claim that a jury could properly find that the degree of force used against him was not 'objectively reasonable'" under the particular facts and circumstances of the

case.   Kuha, 365 F.3d at 597; see Saucier, 533 U.S. at 202.   In determining whether the force used was objectively reasonable, a court looks closely at the facts and circumstances of the case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

A court must also make "allowance for the fact that police officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation." Graham, 490 U.S. at 397.   Officers in the heat of the moment do not have the benefit of 20/20 hindsight, or the careful reflection afforded a judge in the peace of his or her chambers. Id. at 396.   As a result, an officer's use of force must be objectively unreasonable under clearly established law, taking into account the specific circumstances of the arrest.   Saucier, 533 U.S. at 205.

Here, the Officers confronted a woman who attempted to avoid arrest by flight.   Plaintiff, herself, acknowledges fighting with the Officers.   Faced with this situation, the Officers were permitted to use force to effect her arrest.   Although there is evidence showing the Officers held Ms. Hinnekamp by the arms and took her to the ground while handcuffing her, the Court concludes

CASE 0:02-cv-04717-JMR-RLE   Doc. 26   Filed 10/07/04   Page 8 of 9

there is no evidence from which a jury could find that excessive force was used. Accordingly, summary judgment is granted on this claim.

D.   Failure to Train

Plaintiff claims the City of St. Cloud and the St. Cloud Police Department are liable because they failed to properly train the Officers. "A municipality 'cannot be liable . . . whether on a failure to train theory or a municipal custom or policy theory, unless [an officer] is found liable on the underlying substantive claim.'" Brown v. City of Bloomington, 280 F.Supp.2d 889, 894 (D. Minn. 2003) (quoting Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994). The same rationale applies to the claims against the Police Department. Neal v. St. Louis County Bd. Of Police Comm'rs, 217 F.3d 955, 959 (8th Cir. 2000).

Here, the Court finds the Officers are entitled to qualified immunity, and summary judgment is granted on this claim.

E.   Other Constitutional Claims

Plaintiff's pro se pleadings, even given a liberal construction, do not state cognizable claims under either state or federal law. Haines, 404 U.S. at 520-21. Plaintiff's proffered evidence, such as it is, is insufficient to maintain claims under the First or the Eighth Amendments. The Court finds, as a matter of law, that there is also no supportable claim against Larry Atkinson, head of Internal Affairs for the St. Cloud Police

8

Department, or Officer Kay Wethor.[2]   The Court has reviewed the plaintiff's allegations with great care and hereby dismisses them.

IV.   Conclusion

In the absence of a colorable allegation of a constitutional violation, defendants are entitled to qualified immunity.   Their motions for summary judgment are hereby granted.

IT IS SO ORDERED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:   October 6__, 2004

JAMES M. ROSENBAUM
United States Chief District Judge

---

[2]Neither Mr. Atkinson nor Ms. Wethor are actually named parties, but plaintiff refers to them in her submitted materials. The Court states its conclusions about them out of an abundance of caution.