# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3929

| | |
|---|---|
| Beverly Hinnenkamp, | * |
| | * |
| Appellant, | * |
| | * |
| | * Appeal from the United States |
| v. | * District Court for the |
| | * District of Minnesota. |
| City of St. Cloud; | * |
| St. Cloud Police Department, | * [UNPUBLISHED] |
| | * |
| Appellees. | * |

Submitted: February 3, 2006
Filed: May 5, 2006

Before MURPHY, HANSEN, and COLLOTON, Circuit Judges.

PER CURIAM.

In her civil rights complaint against the City of St. Cloud and the St. Cloud Police Department, Beverly Hinnenkamp alleged that three officers of the police department, David Douvier, Ryan Manguson, and Michael Koeniguer, arrested her without probable cause outside a house where she was serving a subpoena (allegedly in retaliation for filing a civil rights suit against other police officers), that they used excessive force during the arrest, and that they subsequently denied her medical

assistance. The district court[1] granted summary judgment to the defendants, and Hinnenkamp appeals. Upon de novo review, see Heisler v. Metro. Council, 339 F.3d 622, 626 (8th Cir. 2003), we affirm.

The three individual police officers were not named as parties in Hinnenkamp's complaint, and they do not appear on the docket of the district court as defendants in this action. Although the district court "liberally construed" Hinnenkamp's pleadings to add the police officers as defendants for purposes of the motion for summary judgment, because her brief in opposition to the motion for summary judgment identified the officers as "defendants," we affirm on the alternative ground that these individual officers were never made parties to the action.[2] Counsel for the defendants observed in a memorandum in support of their motion for summary judgment that the individual police officers were never specified as parties to the action, and argued that the action was limited to claims of municipal liability. (R. Doc. 13, at 2, 7-8). There is no showing that the officers ever were served with process in either their official or individual capacities. Hinnenkamp never moved to amend her complaint to add the officers as individual defendants. Cf. Murphy v. Arkansas, 127 F.3d 750, 755 (8th Cir. 1997) (complaint against state officials who were sued in their official capacities was deemed amended to assert personal-capacity claims, where plaintiff moved to amend complaint in response to motion for summary judgment). Under these circumstances, we do not think the liberal construction of pleadings afforded to pro se litigants is sufficient to add claims against parties who were never named

---

[1] The Honorable James M. Rosenbaum, Chief Judge, United States District Court for the District of Minnesota.

[2] The district court observed that Hinnenkamp also referred to Sergeant Larry Atkinson and Officer Kay Wethor in her submitted materials, but that "[n]either Mr. Atkinson nor Ms. Wethor are actually named parties." The district court, "out of an abundance of caution," stated its conclusion that "there is no supportable claim" against Atkinson or Wethor. (R. Doc. 26, at 8-9 & n.2).

as defendants in a complaint or in a motion to amend the complaint, never served with process, and never identified as defendants in the district court's docket.

We affirm the district court's grant of summary judgment to the City of St. Cloud and the St. Cloud Police Department. A claim against a municipality for an alleged "failure to train" its officers cannot succeed unless an officer violated the plaintiff's constitutional rights. Neal v. St. Louis County Bd. of Police Comm'rs, 217 F.3d 955, 959 (8th Cir. 2000). Here, there was insufficient evidence to show that Hinnenkamp's arrest was retaliatory and not supported by probable cause, as the record indicates Hinnenkamp was later convicted for the offenses for which she was arrested. See Malady v. Crunk, 902 F.2d 10, 11-12 (8th Cir. 1990) (conviction for offense for which officer arrested plaintiff bars 42 U.S.C. § 1983 action alleging lack of probable cause); Foster v. Metro. Airports Comm'n, 914 F.2d 1076, 1080-81 (8th Cir. 1990) (where there was probable cause for arrest for an offense, plaintiff who alleged that arrest was for engaging in protected activity had to present evidence showing, among other things, that police normally did not make arrests for such offenses). There also was no basis for Hinnenkamp's claim that she was denied medical assistance, because the claim was contradicted by her own testimony. Whether or not any of the individual officers used excessive force against Hinnenkamp, there was no showing that any such use of force was pursuant to a policy of the municipality, or that the municipality acted with deliberate indifference to the constitutional rights of arrestees such as Hinnenkamp. See City of Canton v. Harris, 489 U.S. 378, 387-88 (1989).

Accordingly, we affirm.

---